```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 12-81134-CIV-COHN
                              MAGISTRATE JUDGE P.A. WHITE

JUAN PEREZ,                :

     Plaintiff,            :

v.                         :          REPORT OF
                                      MAGISTRATE JUDGE
RICK BRADSHAW,             :

     Defendant.            :
_____
```

## I. Introduction

Juan Perez filed a pro se civil rights complaint while confined in the Palm Beach County Jail alleging denial of adequate dental treatment. (DE#1) The plaintiff is proceeding in forma pauperis.

This Cause is presently before the Court for initial screening of the complaint (DE#1), pursuant to 28 U.S.C. §1915.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

* * *

>     (e)(2) Notwithstanding any filing fee, or
> any portion thereof, that may have been paid,
> the court shall dismiss the case at any time
> if the court determines that –
>
>             *   *   *
>
>     (B) the action or appeal –
>
>             *   *   *
>
>     (i)  is frivolous or malicious;
>
>     (ii) fails to state a claim on which
>     relief may be granted; or
>
>     (iii) seeks monetary relief from a
>     defendant who is immune from such
>     relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order

to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with

3

alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

### A. Statement of Claims

The plaintiff names Sheriff Ric Bradshaw as defendant. He states that the Palm Beach County Jail refused to make dental floss available, resulting in a build up of plaque between his teeth and painful abscesses under his gums, cavities and loss of teeth. He was seen by a dental technician who would not provide her name, who stated the jail did not do "Root Planing" to remove the plaque. He seeks injunctive relief.

### B. Denial of Adequate Dental Treatment

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)); see also Campbell v. Sikes, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted). An Eighth Amendment claim contains both an objective and a subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

objectively serious medical need. <u>Taylor</u>, 221 F.3d at 1258; <u>Adams</u>, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. <u>Farmer</u>, 511 U.S. at 834; <u>McElligott</u>, 182 F.3d at 1254; <u>Campbell</u>, 169 F.3d at 1363. The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981); <u>see also</u> <u>Hudson v. McMillian</u>, 503 U.S. 1, 8-9 (1992).

Because the plaintiff was a pretrial detainee at the time of the events alleged, his claims must be analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishment Eighth Amendment standard. <u>Bell</u>, 441 U.S. at 535; <u>Hamm</u>, 774 F.2d at 1571-74. In the context of a pretrial detainee claim of denial of medical care, the standards are the same. <u>Id.</u>

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Hill v. DeKalb Reg'l Youth Det. Ctr.</u>, 40 F.3d 1176, 1187 (11 Cir. 1994) (quotation marks and citation omitted). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. <u>See Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994); <u>Wilson v. Seiter</u>, 501 U.S. 294, 298-99 (1991). Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. <u>Id.</u> at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to

5

state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106.  The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 105-06; Wilson, 501 U.S. at 298.

Further to rise to a level of an Eighth Amendment violation the plaintiff must demonstrate inhumane conditions of confinement. Farmer v Brennan, 511 U.S,. 825 (1994), These conditions must show a deprivation of a normal civilized measure of life's necessities, see Toney v Fuqua, 09 WL 1451645 (11 Cir. 2009) (denial of tooth paste and tooth brush for a period of time did not rise to an Eighth Amendment violation).

Deliberate indifference can be established by evidence that necessary medical treatment has been withheld or delayed for non-medical or unexplained reasons. Farrow v West, 320 F.3d 1235, 1247 (11th Cir.2003) (finding jury question on issue of deliberate indifference because of unexplained fifteen-month delay in treatment).  The tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay.  Harris v. Coweta County, 21 F.3d 388, 393-94 (11 Cir. 1994).  A plaintiff may also establish deliberate indifference with evidence of treatment "so cursory as to amount to no treatment at all."  Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 704 (11 Cir. 1985).  If prison officials delay or deny access to medical care or intentionally interfere with treatment once prescribed, they may violate the Eighth Amendment.  Estelle, 429 U.S. at 104.

Dental Floss

The denial of dental floss, in and of itself, is not a constitutional violation. Courts have found that prisons were within their rights to deny inmates the floss for security reasons as they were made into weapons. Burke v Webb, 2007 WL 419565 (WD Va); Bronson v White 2007 WL 3033865 (MD Pa).

However, plaintiff's claim that he was denied dental treatment for extreme pain and infection states a claim for denial of adequate dental treatment. The plaintiff has failed to name the defendants directly responsible for the denial of treatment. Sheriff Bradshaw was named strictly for his supervisory capacity and no direct allegations against him are included in the complaint. Liability against him may not be predicated on the theory of respondeat superior. Only if the alleged constitutional violations resulted from a county custom, policy or practice of a county, may its administrators or supervisors be held liable. Monell v. Department of Social Services, supra, 436 U.S. 658 (1978) The plaintiff has not stated a Monell claim against this defendant. Claims against this defendant should be dismissed, and he should remain in this suit solely for discovery purposes.

### III. Recommendation

It is therefore recommended as follows:

1. The claim of denial of dental floss is dismissed pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted.

2. All claims against Defendant Bradshaw are dismissed, however, as the plaintiff is unable to obtain the names of defendants directly involved with the denial of his medical

treatment, Bradshaw shall remain in this case for a period of time for discovery purposes.

3. The claim of denial of dental treatment shall proceed.

Objections to this Report may be filed within fourteen days following receipt.

Dated at Miami, Florida, this 1st day of November, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Juan F. Perez, Pro Se
    Palm Beach County Jail
    Address of record