UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-81134-CIV-COHN/WHITE

JUAN PEREZ,

    Plaintiff,

v.

RICK BRADSHAW,

    Defendant.
_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** is before the Court upon the Report of Magistrate Judge Patrick A. White [DE 8] ("Report") regarding Plaintiff Juan Perez's Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 [DE 1] ("Complaint"). The Court notes that no objections have been filed, and the time for doing so has passed. Nonetheless, pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Report and Complaint, and is otherwise advised in the premises.

On October 15, 2012, Plaintiff filed this action against Defendant Rick Bradshaw under 42 U.S.C. § 1983, and moved to proceed *in forma pauperis*. Upon granting Plaintiff permission to proceed *in forma pauperis*, Judge White conducted an initial screening of the Complaint pursuant to 28 U.S.C. § 1915. In his Report, Judge White summarizes Plaintiff's claims as follows:

> [Plaintiff] states that the Palm Beach County Jail refused to make dental floss available, resulting in a build up of plaque between his teeth and painful abscesses under his gums, cavities and loss of teeth. He was seen by a dental technician who would not provide her name, who stated the jail did not do "Root Planing" to remove the plaque. He seeks injunctive relief.

Report at 4.  Judge White's Report analyzes the claims and concludes that, while the denial of dental floss is not a constitutional violation, Plaintiff's allegation that he was denied dental treatment for extreme pain and infection is sufficient to state a claim under § 1983.  See id. at 6-7.  However, Judge White concludes that Plaintiff cannot maintain a claim against Defendant Bradshaw, who was named strictly in his supervisory capacity, because Plaintiff has not alleged that his injury resulted from a county custom or policy.  See id. at 7; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).  Plaintiff has not named the defendants directly responsible for the denial of treatment.  See Report at 7.  Therefore, Judge White recommends that claims against this Defendant be dismissed, but that he should remain in the suit solely for discovery purposes.  See id.  Upon review of the Complaint and the Report, the Court agrees with Judge White's analysis and recommendations.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report of Magistrate Judge [DE 8] is **ADOPTED**;

2. The claim for denial of dental floss is **DISMISSED with prejudice**;

3. All claims against Defendant Rick Bradshaw are **DISMISSED without prejudice**;

4. Plaintiff shall file an Amended Complaint which names the defendants directly involved in the denial of Plaintiff's medical care by no later than **March 15, 2013**;

5. Defendant Rick Bradshaw shall temporarily remain in this case, for discovery purposes only, until the filing of Plaintiff's Amended Complaint;

and

6. Should Plaintiff fail to file an Amended Complaint as directed herein, this case will be dismissed with prejudice.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 13th day of December, 2012.

JAMES I. COHN
United States District Judge

Copies provided to:
Magistrate Judge Patrick A. White
Counsel of record via CM/ECF

Juan F. Perez, *pro se*, via CM/ECF regular mail
0162605
Palm Beach County Jail
Inmate Mail/Parcels
Post Office Box 24716
West Palm Beach, FL 33416