```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 12-81134-CIV-COHN
                              MAGISTRATE JUDGE P.A. WHITE
```

| | | |
|---|---|---|
| JUAN PEREZ, | : | |
| Plaintiff, | : | |
| v. | : | **REPORT OF** |
| | | **MAGISTRATE JUDGE** |
| RICK BRADSHAW, | : | (DE#15) |
| Defendant. | : | |

## I. Introduction

Juan Perez filed a <u>pro se</u> civil rights complaint while confined in the Palm Beach County Jail, alleging denial of adequate dental treatment. (DE#1) The plaintiff is proceeding <u>in forma pauperis</u>.

This Cause is presently before the Court for a screening of the amended complaint (DE#15), and the defendant's response in opposition (DE#16), pursuant to 28 U.S.C. §1915.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

\* \* \*

>      (e)(2) Notwithstanding any filing fee, or
> any portion thereof, that may have been paid,
> the court shall dismiss the case at any time
> if the court determines that –
>
>           *   *   *
>
> (B) the action or appeal –
>
>           *   *   *
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which
> relief may be granted; or
>
> (iii) seeks monetary relief from a
> defendant who is immune from such
> relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order

to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Twombly applies to §1983 prisoner actions.  See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with

3

alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

### A. Statement of Claims

In the initial complaint, the plaintiff named Sheriff Ric Bradshaw as defendant. He states that the Palm Beach County Jail refused to make dental floss available, resulting in a build up of plaque between his teeth and painful abscesses under his gums, cavities and loss of teeth. A Report was entered recommending that Sheriff Bradshaw remain in the case solely so that the plaintiff could conduct discovery in an attempt to name a specific defendant responsible for the alleged denial of adequate dental treatment. The Report was adopted by United States District Judge James I. Cohn, and the plaintiff was permitted to file an amended complaint on or before March 15, 2013. On February 27, 2013, the plaintiff filed a motion for leave to file an amended complaint. (DE#15)

### B. Amended complaint

In the amended complaint the plaintiff has failed to add a person responsible for the denial of dental treatment. He attempts to add Armor Correctional Health Services as a defendant. Armor Correctional Health Service is not a proper defendant in this case. The Eleventh Circuit requires that a plaintiff must show policy or custom in suits against private corporations performing traditional public functions. See Buckner v. Toro, 116 F.3d 450 (11 Cir.) (extending the application of Monell v. Dept. of Social Services,

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

436 U.S. 658, 691 (1978) to private corporations such as prison medical service companies performing traditional public functions), cert. denied, 522 U.S. 1018 (1997). In this case, the plaintiff has failed to support any claim for relief that Armor as an entity acted in accordance with a custom or policy with regard to the possible violation of any of his constitutional rights. Without such, the plaintiff's claim is insufficient to sustain a §1983 claim.

The plaintiff further argues that Defendant Bradshaw has failed to respond to his discovery requests. In the response in opposition (DE#16), defendant, through counsel, states the plaintiff has engaged in no discovery, and has failed to send any discovery requests to counsel. Further, plaintiff has failed to send mail to defendant's counsel, and instead has sent mail to the defendant directly, in violation of Rule 5 of the Rules of Civil Procedure.

### III. Recommendation

Based upon the above, it is therefore recommended as follows:

1. The plaintiff's motion for leave to amend (DE#15) is denied.

2. The plaintiff will be granted an extension of three weeks, to on or before April 29, 2013, to conduct proper discovery and file a proper proposed amended complaint with the Court, naming a specific defendant who allegedly failed to provide adequate dental treatment.

3. Failure to comply shall result in dismissal of this case.

Objections to this Report may be filed within fourteen days following receipt.

Dated at Miami, Florida, this 10th day of April, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Juan F. Perez, Pro Se
      Palm Beach County Jail
      Address of record

      Attorney of record