UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-81134-CIV-COHN/WHITE

JUAN PEREZ,

    Plaintiff,

v.

RICK BRADSHAW,

    Defendant.
_____/

### ORDER ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** is before the Court upon the Report of Magistrate Judge Patrick A. White [DE 17] ("Report"), concerning Plaintiff Juan Perez's Motion for Leave to File an Amended Complaint [DE 15] ("Motion"). The Court notes that no objections have been filed, and the time for doing so has passed. Nonetheless, pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Report, the Motion, Defendant's Response [DE 16], the record in this case, and is otherwise advised in the premises.

On October 15, 2012, Plaintiff filed this action against Defendant Rick Bradshaw under 42 U.S.C. § 1983, and moved to proceed *in forma pauperis*. Upon granting Plaintiff permission to proceed *in forma pauperis*, Judge White conducted an initial screening of the Complaint pursuant to 28 U.S.C. § 1915. In his initial Report [DE 8], Judge White concluded that Plaintiff could proceed on his claim that he was denied dental treatment for extreme pain and infection. DE 8 at 6-7. However, Judge White also found that Plaintiff could not maintain a claim against Defendant Rick Bradshaw,

who was named strictly in his supervisory capacity, because Plaintiff had not alleged that his injury resulted from a county custom or policy. See id. at 7; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). The Court adopted the Report, dismissed the claims against Bradshaw without prejudice, and ordered that Bradshaw remain party to the case for discovery purposes only. DE 10 at 2. The Court further directed Plaintiff to file an Amended Complaint by no later than March 15, 2013. Id.

On February 27, 2013, Plaintiff filed his Motion for Leave to File an Amended Complaint, seeking to add Armor Correctional Health Services as a defendant. See DE 15 at 1. In the instant Report, Judge White recommends that the motion be denied because:

> [T]he plaintiff has failed to support any claim for relief that Armor as an entity acted in accordance with a custom or policy with regard to the possible violation of any of his constitutional rights. Without such, the plaintiff's claim is insufficient to sustain a § 1983 claim.

DE 17 at 5. Thus, as the Report notes, Plaintiff has still failed to name a proper defendant who allegedly failed to provide adequate dental treatment. See id. Plaintiff contends that his failure in this regard is a result of Bradshaw's not responding to his discovery requests. See DE 15 at 1. Bradshaw responds that Plaintiff has failed to send any discovery requests to defense counsel, and has instead sent such requests directly to Bradshaw, in violation of Federal Rule of Civil Procedure 5. See DE 16 at 1-2. Judge White recommends granting Plaintiff a brief extension to conduct proper discovery and file another proposed Amended Complaint. The undersigned agrees with Judge White's analysis and conclusions. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report of Magistrate Judge [DE 17], as revised by the Amendment thereto [DE 18][1], is **ADOPTED**;

2. Plaintiff Juan Perez's Motion for Leave to File an Amended Complaint [DE 15] is **DENIED**;

3. Plaintiff shall have until **June 6, 2013**, to conduct proper discovery and file an Amended Complaint which names the defendants directly involved in the denial of Plaintiff's dental treatment;

4. Should Plaintiff fail to file an Amended Complaint as directed herein, this case will be dismissed with prejudice.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 6th day of May, 2013.

JAMES I. COHN
United States District Judge

Copies provided to:
Magistrate Judge Patrick A. White
Counsel of record via CM/ECF

Juan F. Perez, *pro se*, via CM/ECF regular mail
0162605
Palm Beach County Jail
Inmate Mail/Parcels
Post Office Box 24716
West Palm Beach, FL 33416

---

[1] The Report recommended that the Court grant an extension up to April 29, 2013. However, the Amendment to the Report [DE 18] clarified that a date certain was not part of the recommendation.